UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARRIAGE COURT CONDOMINIUMS OWNERS ASSOCIATION** | **CIVIL ACTION** |
| **VERSUS** | **No. 23-5544** |
| **RENAISSANCE RE ET AL.** | **SECTION I** |

### ORDER & REASONS

Before the Court is a motion[1] by defendants Renaissance Re – Syndicate 1458 ("ReneRe"), Old Republic Union Insurance Company, NSM Insurance Group, Lloyd's America, Inc., and Athens Insurance Service, Inc. (collectively, "defendants") to compel arbitration and stay or, alternatively, dismiss the complaint. No opposition has been filed and the deadline for doing so has passed.[2] For the reasons set forth below, the Court grants the motion to compel arbitration.

### I.     FACTUAL BACKGROUND

This action arises from Hurricane Ida damage to property owned by Carriage Court Condominiums Owners Association ("plaintiff").[3] Plaintiff's complaint alleges that plaintiff's property was covered by an insurance policy (the "policy") issued by

---

[1] R. Doc. No. 9.
[2] The motion was set for submission on February 7, 2024. Pursuant to Local Rule 7.5, any response was due on January 30, 2024. On February 5, 2024, after the deadline to respond had passed, plaintiff attempted to file a motion for an extension of time to file an opposition. However, plaintiff did not comply with the local rules and the filing was not accepted. As of the date of this order, plaintiff has not refiled its motion.
[3] *See generally* R. Doc. No. 1-1.

1

defendants.[4] Plaintiff asserts that, despite sufficient proof of loss, defendants breached the policy by failing to tender adequate payment pursuant to the policy.[5]

Defendants filed the instant motion to compel arbitration and stay the proceedings pending arbitration. Defendants argue that the policy contains a valid arbitration agreement, which is enforceable pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention") and the Federal Arbitration Act ("FAA").[6]

## II. LAW AND ANALYSIS

The purpose of the Convention is "to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n.15 (1974). Chapter 2 of the FAA "provides for the [ ] Convention's enforcement, grants federal courts jurisdiction over actions governed by the Convention, and empowers the courts to compel arbitration." *Manheim v. Indep. Specialty Ins. Co.*, No. 23-4343, 2023 WL 8370369, at *1 (E.D. La. Dec. 4, 2023) (Vance, J.) (citing 9 U.S.C. §§ 201, 203, 206). There is a "strong presumption" in favor of enforcement of arbitration provisions. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985).

---

[4] *Id.* ¶ 8.
[5] *Id.* ¶ 10.
[6] R. Doc. No. 9, at 1.

"In determining whether the Convention requires compelling arbitration in a given case, courts conduct only a very limited inquiry." *Freudensprung v. Offshore Tech. Servs.*, Inc., 379 F.3d 327, 339 (5th Cir. 2004) (citing *Francisco v. STOLT ACHIEVEMENT MT*, 293 F.3d 270, 273 (5th Cir. 2002)). "[A] court should compel arbitration if (1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; '(3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen.'" *Freudensprung*, 379 F.3d at 339 (quoting *Francisco*, 293 F.3d at 273). "If these requirements are met, the Convention requires the district court to order arbitration unless it finds that the agreement is 'null and void, inoperative or incapable of being performed.'" *Union Bethel Afr. Methodist Episcopal Church v. Indep. Specialty Ins. Co.*, No. CV 23-5455, 2023 WL 8804895, at *2 (E.D. La. Dec. 20, 2023) (Africk, J.) (quoting *Freudensprung*, 379 F.3d at 339)

In the present action, defendants contend that the four requirements of the Convention are clearly met because: "(1) the Policy's Arbitration Agreement is a written agreement to arbitrate this dispute; (2) the agreement provides for arbitration in New York, and the United States is a Convention signatory; (3) the agreement arises out of a commercial relationship between Plaintiff and the Defendants; and (4) one of the Defendants – RenRe Corp. is not an American citizen."[7]

Considering defendants' motion and the text of the policy, the Court agrees that the requirements of the Convention have been met. The policy provides that

---

[7] R. Doc. No. 9-1, at 8.

3

"[a]ll matters in difference between [plaintiff] and [defendant] . . . in relation to this insurance . . . shall be referred to an Arbitration Tribunal . . . ."[8] The policy further provides that "[t]he Arbitration shall take place in New York, New York and the Arbitration Tribunal shall apply the law of the State of New York."[9] The policy is a commercial property insurance policy and arises out of a commercial legal relationship.[10] *See City of Kenner v. Certain Underwriters at Lloyd's London*, No. CV 22-2167, 2022 WL 16961130, at *2 (E.D. La. Nov. 16, 2022) (Vance, J.) ("[T]he agreement arises out of a commercial legal relationship—the insurance policy issued by defendants to plaintiff."). Defendant submitted documentation demonstrating that ReneRe is incorporated in the United Kingdom.[11] Additionally, nothing indicates that the arbitration agreement is null and void, inoperative, or incapable of being performed. Therefore, the Court will compel arbitration.

Pursuant to 9 U.S.C. § 3, when an issue subject to an arbitration clause is raised in a federal court, a court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." Because the Court has determined that arbitration is mandated in this case, it will stay and administratively close this litigation.

### III.   CONCLUSION

Accordingly,

---

[8] R. Doc. No. 9-2, at 51.
[9] *Id.*
[10] *Id.* at 28.
[11] R. Doc. No. 1-3.

**IT IS ORDERED** that defendants' motion to compel arbitration is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **STAYED AND ADMINISTRATIVELY CLOSED** pending any further order of this Court.

New Orleans, Louisiana, February 7, 2024.

                          **LANCE M. AFRICK**
                       **UNITED STATES DISTRICT JUDGE**